**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roger STROMAN, Defendant–**
**Appellant.**

No. 02–4848.

United States Court of Appeals,
Fourth Circuit.

Submitted April 17, 2003.

Decided April 23, 2003.

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Marshall Prince, Office of the United States Attorney, Columbia, South Carolina, for Appellee.

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Roger Stroman pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113 (2000), and brandishing a firearm, in violation of 18 U.S.C. § 924 (2000). Stroman was sentenced to 294 months incarceration, 5 years of supervised release, and ordered to pay a special assessment and restitution. Stroman's attorney has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting two claims.

First, Stroman asserts the district court erred in conducting his plea colloquy. Because Stroman did not seek to withdraw his guilty plea in the district court, we review this claim for plain error. *United States v. General,* 278 F.3d 389, 393 (4th Cir.2002). This claim is meritless. The district court did not err in conducting Stroman's plea colloquy. Fed.R.Civ.P. 11.

Second, Stroman asserts the district court erred in calculating his sentence, because it included in his criminal history a conviction that was more than fifteen years old. A sentencing court's factual determinations are reviewed for clear error, while its legal interpretation of the sentencing guidelines is reviewed de novo. *United States v. Bartley,* 230 F.3d 667, 669 (4th Cir.2000). This claim is meritless. Stroman's parole for this offense had been

revoked twice within the last fifteen years, and it was therefore properly included in his criminal history. *U.S. Sentencing Guidelines Manual* § 4A1.2 (2000).

Accordingly, we affirm Stroman's conviction and sentence. In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED.*